IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 90-4662

———————————

MELVIN WALTHER,

Plaintiff-Appellee,

versus

LONE STAR GAS COMPANY,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Eastern District of Texas

———————————

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion__January 30, 1992_, 5 Cir., 1992, _____F.2d ____)

(    October 29, 1992    )

POLITZ, Chief Judge and HIGGINBOTHAM, Circuit Judges, and KAZEN,[*] District Judge.

PER CURIAM:

The petition for rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the suggestion for rehearing en banc is DENIED.  The petition quarrels with our reasons for failing to reverse this judgment because of a jury instruction that statistics alone may establish that the reason an

———————————

[*]Judge George P. Kazen, U.S. District Judge, Southern District of Texas, sitting by designation.

employer discharged an employee was because of his age.  This Title VII age discrimination case is analogous to a Title VII disparate treatment case in which the employee bears the burden of proof that the employer _intentionally_ discriminated against _him_ for an impermissible reason.  Carmichael v. Birmingham Saw Works, 738 F.2d 1126, 1131-32 (11th Cir. 1984) (Wisdom, J.), citing Taylor v. Philips Indus., 593 F.2d 783 (7th Cir. 1979).  We have recognized that gross statistical disparities resulting from a reduction in force or similar evidence may be probative of discriminatory intent, motive or purpose.  Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1135 (5th Cir. 1983).  Such statistics might in an unusual case provide adequate circumstantial evidence that an individual employee was discharged as part of a larger pattern of layoffs targeting older employees.  This is not to say that such statistics are enough to rebut a valid, nondiscriminatory reason for discharging a particular employee.  Generally, they are not, because under the McDonnell Douglas[2] Title VII framework, a judge and now perhaps, a jury would have to consider not just the employee's prima facie case, but also the employer's articulated nondiscriminatory reason for its conduct with respect to the employee.  The employee would then be attempting to prove the employer's reason was a pretext; proof of pretext, hence of discriminatory _intent_, by statistics _alone_ would be a challenging endeavor.

---

[2]    McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).

2

But the instruction in this case said only that statistics may be enough to establish that age was the reason for Lone Star Gas's decision to discharge Walther. We cannot say that this abstract proposition of law is incorrect on the facts of this case. We need not engage in a hypothetical debate as to whether and when statistics alone could suffice to carry an individual employee's burden of proof. The fact is that Walther did not rely on statistics alone to prove his case. He had other evidence, the sufficiency of which Lone Star has not challenged. The jury was instructed to consider all of the evidence in reaching its decision. It was also instructed that its inquiry should focus on the motive of Lone Star Gas to discharge Walther. Under these circumstances, we will not assume that the jury disregarded the other evidence in the record, and relied solely on statistics in reaching its conclusion. Jurors are well equipped to analyze the evidence and reach a decision despite the availability of a factually unsupported theory in the jury instructions. Our discussion of Griffin v. United States, 112 S. Ct. 466, 474 (1991), borrowed this principle, and nothing more.

In affirming the judgment entered on this jury verdict, we do not suggest that other courts should submit similar instructions on statistics in the future. It is ordinarily inadvisable to give the instruction, both because it is the unusual case in which statistics alone can support a finding of intentional discrimination and because there is no need to isolate one part of the evidence and tell the jury that it may rely on that part alone

3

to the exclusion of the rest.  But on the facts of this case, we see no need for Walther to retry his lawsuit when the challenged instruction was not technically incorrect as an abstract matter, when the instructions as a whole were adequate, and when the evidence was sufficient to support the jury's verdict.

PETITION DENIED.