**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-30044
(Summary Calendar)

_____

JEANETTE R. KASS,                                    Plaintiff-Appellant,

versus

ALBEMARLE CORP.,                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(97-CV-836-A)

_____

June 7, 2000

Before POLITZ, SMITH, and WIENER, Circuit Judges.

Per Curiam[*]

In this case arising under the Age Discrimination in Employment Act ("ADEA"),[1] Plaintiff-Appellant Jeanette R. Kass appeals the district court's grant of summary judgment to Defendant-Appellee Albemarle Corp. ("Albemarle"), on the basis that Kass failed to raise a genuine issue of material fact that Albemarle terminated her from employment because of age.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 29 U.S.C. § 621 et seq.

1

Albemarle's proffered legitimate, non-discriminatory reason for terminating Kass, who was 58 years old at the time of the discharge, was that, as a part of an overall reduction in force, Kass's position as the lowest-ranked customer service representative was being eliminated or consolidated with other positions.[2]  The district court held that (1) Kass failed to establish a prima facie case of age discrimination and that (2) even if she could, she failed to show that the employer's proffered reason was pretextual.  For essentially the same reasons as the district court, we affirm and write separately only to emphasize that an ADEA plaintiff's burden on summary judgment to demonstrate a genuine question of material fact regarding pretext requires not just evidence on which a jury could infer that the proffered reason was false but also evidence that age was the real reason.[3]

As an at-will employee, Kass could be fired for a good reason, a bad reason, or no reason at all, as long as that reason was not because of age – the only type of discrimination she alleged.  Kass suggests that various business documents, practices, or statements demonstrate dishonesty, withholding of information, or improper motive by Albemarle.  Viewing such evidence in the light most favorable to Kass as the summary judgment non-movant, we conclude

---

[2] See EEOC v. Texas Instruments, Inc., 100 F.3d 1173, 1181 (5th Cir. 1996) (noting that reduction in force is a legitimate, non-discriminatory reason for discharge).

[3] Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 141 (5th Cir. 1996).

that it fails to provide a basis on which a reasonable jury could find that age – as opposed to any other possible motivation (good, bad, or otherwise) – was the "real" reason for her termination. The evidence on which Kass relies – (1) the confidential "ordinal" performance ranking of employees of which Kass was unaware and in which she was ranked last, (2) the suspension of postings of job vacancies during the reduction in force, (3) Ablemarle's alleged attempt during discovery to distinguish (in the face of business record indicating no actual distinction) between "downsizing" and "reduction in force," and (4) the list indicating that Kass was among the group of employees whose separation was not a result of sale of the Olefins portion of the business – even if sufficient to raise an eyebrow about the employer's "true" motive in terminating Kass, suggests absolutely no basis for inferring that Albemarle's "true" motive was, in fact, age discrimination.

Moreover, Kass's arguments that (1) she was the oldest, and therefore, most qualified worker in her position, and (2) she received positive work evaluations in the past, were also insufficient to create a question of discriminatory intent. Although somewhat more probative, Kass's reliance on statistical evidence of the number of workers over the age of 40 terminated (in which her total "count" is higher than Ablemarle's, because of a dispute regarding whether employees who accepted the voluntary, early retirement option should be included) does not preclude summary judgment. In the face of the employer's articulation of a

legitimate, non-discriminatory reason for the termination, such statistical evidence is insufficient to allow a trier of fact to infer discriminatory motive in an individual disparate treatment case.[4]

Based on our <u>de novo</u> review of the district court's rulings, in light of the record and the arguments advanced in the appellate briefs of counsel, we conclude that the grant of summary judgment to Albemarle should be

AFFIRMED.

---

[4] <u>See</u> <u>Walther v. Lone Star Gas Co.</u>, 977 F.2d 161, 162 (5th Cir. 1992) (per curiam) (on denial of petition for rehearing) ("[P]roof of pretext, hence of discriminatory <u>intent</u>, by statistics <u>alone</u> would be a challenging endeavor.").