**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-20028**
**Summary Calendar**

_____

**MARTY M. ROCHA,**

**Plaintiff-Appellant,**

**versus**

**HARRIS COUNTY,**

**Defendant-Appellee.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-898
--------------------
December 19, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Marty M. Rocha, a deputy in the Harris County, Texas Sheriff's Department, appeals an adverse judgment in his lawsuit alleging various types of racial and national origin discrimination and retaliation prohibited by Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 1981a and 2000e *et seq*. Finding no abuse of discretion in the exclusion of statistical evidence at trial, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rocha contends that he was denied a promotion, wrongfully given a low job evaluation, denied a job assignment, denied transfers and denied the right to work extra jobs. The jury returned a verdict in favor of Harris County and the district court entered a take-nothing final judgment against Rocha.

Rocha's sole argument on appeal is that the district court, wrongfully granted Harris County's pretrial motion in limine concerning statistical evidence. Harris County had asked the court to prohibit Rocha from offering as evidence the statistics concerning the racial makeup of the Harris County Sheriff's Department. The evidence sought to be admitted allegedly established that: (1) only four out of 141 detectives in the Sheriff's Department are Hispanic; and (2) only seven out of approximately 180 sergeants are Hispanic.

A district court's ruling to exclude evidence is reviewed for abuse of discretion. *See* Polanco v. City of Austin, 78 F.3d 968, 981 (5th Cir. 1996). There is no abuse of discretion if the error is harmless. *Id.* This court "'will not disturb an evidentiary ruling, albeit an erroneous one, unless it affects a substantial right of the complaining party.'" *Id.* (quoting Polythane Sys. Inc. v. Marina Ventures Int'l, Ltd., 993 F.2d 1201, 1208 (5th Cir. 1993).

Rocha argues that the district court's order prevented him from submitting statistical evidence supporting his claim that

2

the county had a discriminatory motive.  Harris County counters that the statistical evidence was not relevant or probative because its exclusion was not harmful and did not deprive Rocha of a substantial right.  Because Rocha brought his claim under a disparate treatment theory, as opposed to disparate impact, Harris County argues that the number of Hispanics in the workforce was of no consequence to the question of intentional discriminatory motive.  Harris County also contends that Rocha never offered comparative evidence that would have made such statistics meaningful.

In a disparate treatment case, statistical evidence of an employer's general hiring pattern "carries less probative weight than it does in a disparate impact case" and "rarely suffices to rebut an employer's legitimate, nondiscriminatory rationale for its decision[s]."  LeBlanc v. Great American Insurance Co., 6 F.3d 836, 848 (1st Cir. 1993).  An employer's "overall employment statistics will, in at least many cases, have little direct bearing on the specific intentions of the employer . . ." *Id.* Although "gross statistical disparities may be probative of discriminatory intent, motive, or purpose," mere evidence that a certain percentage of employees were Hispanic is insufficient to support an inference of discriminatory motive. *See* Scales v. Slater, 181 F.3d 703, 709 n.5 (5th Cir. 1999).  Such statistics will be probative of intent only "in an unusual case" where the employee alleges that

3

the discriminatory action was part of a larger pattern targeting similar employees. *See* <u>Walther v. Lone Star Gas Co</u>., 977 F.2d 161, 162 (5th Cir. 1992). However, statistical evidence of a general underrepresentation adds little to a disparate treatment claim. <u>Molthan v. Temple Univ</u>., 778 F.2d 955, 963 (3rd Cir. 1985). The excluded evidence has little if any probative value in determining Harris County's discriminatory motive. The district court did not abuse its discretion by granting the defendant's motion in limine.

**AFFIRMED.**