# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2013

Lyle W. Cayce
Clerk

No. 13-40005
Summary Calendar

DONALD KILGORE,

>        Plaintiff - Appellant

v.

BROOKELAND INDEPENDENT SCHOOL DISTRICT,

>        Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No: 9:11-CV-155

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Donald Kilgore appeals the district court's order granting defendant Brookeland Independent School District's motion for summary judgment on his Age Discrimination in Employment Act ("ADEA") claim.[1]  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  The district court also granted Brookeland summary judgment on Kilgore's Texas Labor Code claim.  He does not pursue a challenge of that decision on appeal.

No. 13-40005

## FACTS AND PROCEEDINGS

Brookeland employed Kilgore as a bus driver from 2003 to 2006 and again from 2009 to 2011. In spring 2011, faced with possible budget cuts, Brookeland decided to reorganize its bus routes, which would eliminate the need for one bus driver.[2] According to Brookeland, it decided that Kilgore would be the eliminated driver because he had the most job performance issues. So it did not send Kilgore a notice of reasonable assurance of employment that spring.[3] The school superintendent met with Kilgore to inform him of the district's decision. He explained that the bus driver position was being eliminated due to budget cuts and, according to Kilgore, noted that Kilgore was "eligible for retirement." Kilgore was 72 years old at the time.

Over the summer of 2011, the Texas Legislature passed a budget that allowed Brookeland to retain all five bus routes. One of Brookeland's teachers, John Thacker, expressed an interest in the reinstated bus driver position, and the superintendent hired him. According to the superintendent, he selected Thacker for the bus driver position rather than contacting Kilgore because he preferred to have a bus driver without performance issues. Thacker was 54 years old when Brookeland hired him.

---

[2] At various points in the record, Brookeland inconsistently claims that it made the final decision to eliminate the route in the spring and that it made the contingent decision to eliminate the route if the anticipated budget cuts were implemented, but did not make a final decision in the spring.

[3] As Brookeland explains, a notice of reasonable assurance of employment is a letter that a school district provides to at-will employees who work only when school is in session. Districts send the letters near the end of the school year to employees that they anticipate employing in the coming school year. These letters do not guarantee employment. Kilgore received such a letter in all his years of employment by Brookeland prior to 2011, except for 2006, when he quit his job.

No. 13-40005

Kilgore filed suit against Brookeland in September 2011, alleging that Brookeland discriminated against him on the basis of his age when it terminated his employment as a bus driver, in violation of the ADEA and the Texas Labor Code.  Following discovery, Brookeland filed a motion for summary judgment on

both claims.  The district court referred the motion to a magistrate judge, who issued a report and recommendation finding that Kilgore did not proffer direct evidence of discrimination and failed to rebut Brookeland's nondiscriminatory reason for its decision to terminate Kilgore.  Kilgore filed his objections to the report, which the district court overruled.  Upon *de novo* review, the district court agreed with the magistrate judge, adopting the magistrate judge's report and recommendation and granting Brookeland's motion for summary judgment.

Kilgore appeals, arguing that the district court erred in concluding that he presented no direct evidence of discrimination and failed to rebut Brookeland's proffered nondiscriminatory reason for terminating him.

## DISCUSSION

We "review a district court's grant of summary judgment *de novo*, applying the same standard as did the district court." *Stults v. Conoco, Inc.*, 76 F.3d 651, 654 (5th Cir. 1996).  Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Kinney v. Weaver*, 367 F.3d 337, 348 (5th Cir. 2004).  "We view facts in the light most favorable to the non-movant and draw all reasonable inferences in its favor." *Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996).  But we "may affirm summary judgment on any legal ground raised below, even if it was not the basis for the district court's decision." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003).

No. 13-40005

Kilgore first argues that the superintendent's comment that Kilgore was "eligible for retirement" is sufficient direct evidence to create a genuine issue of material fact with respect to his discrimination claim.  A plaintiff may prove his discrimination claim by direct evidence or he may follow the *McDonnell Douglas* framework to prove his case with indirect evidence.  *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993); *see Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010) (explaining that, "for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee," and for such evidence to be sufficient to prove age discrimination, it must be "1) age related, 2) proximate in time to the employment decision, 3) made by an individual with authority over the employment decision at issue, and 4) related to the employment decision at issue") (internal quotation marks omitted).

We agree with Brookeland and the district court that the superintendent's alleged comment that Kilgore was "eligible for retirement" is not direct evidence from which a reasonable jury could conclude that Brookeland terminated Kilgore because of his age.  The superintendent's "statement simply recognized a fact concerning" Kilgore's eligibility, "an observation which did not imply" that his eligibility "was the reason for discharge." *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996).  And "[t]his interpretation of the statement is consistent with the

context in which it was allegedly made," as it was natural for the superintendent to inform Kilgore of the benefits to which he was entitled upon his termination. *Id.* Nothing in the superintendent's comment suggests that Kilgore was terminated *because of* his eligibility for retirement; therefore, the comment is not direct evidence of discrimination. The district court did not err in concluding that there was no genuine issue of direct evidence of age discrimination.

Although Kilgore did not provide direct evidence of discrimination, he may nevertheless prove his case using the *McDonnell Douglas* evidentiary framework. *See Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1504 (5th Cir. 1988). Under this procedure, he must first establish a prima facie case of age discrimination. *See id.* at 1504-05. The burden of production then shifts to Brookeland to rebut the presumption of discrimination created by the prima facie case, which it does "by articulating a legitimate, nondiscriminatory reason for its disparate treatment" of Kilgore. *Id.* at 1505. If Brookeland carries its burden, Kilgore must prove that Brookeland's "reasons are pretexts for unlawful discrimination either by showing that a discriminatory reason more likely motivated" Brookeland or by showing that Brookeland's "reason is unworthy of credence." *Id.* Kilgore "retains the burden of persuading the fact finder that impermissible discrimination motivated the adverse employment decision." *Id.*

To establish a prima facie case that Brookeland discriminated against him because of his age in violation of the ADEA, Kilgore must show that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Bodenheimer*, 5 F.3d at 957.

No. 13-40005

Kilgore has established his prima facie case. He was discharged from his position as a bus driver for Brookeland; he was qualified to be a bus driver; he was 72 years old when he was discharged; and he was replaced by Thacker, who was 54 years old.

In response, Brookeland was required to provide a legitimate, non-retaliatory reason for the discharge. There is some confusion here as to when Brookeland discharged Kilgore. Brookeland inconsistently claims at some points that it discharged him in spring 2011, when it decided not to send Kilgore a letter of reasonable assurance, and at other points that it did not discharge him until late summer, when it decided to rehire Thatcher rather than Kilgore as the fifth bus driver. Brookeland, however, has articulated legitimate, nondiscriminatory reasons for each of these decisions. It asserted that it did not send the letter of reasonable assurance because it planned to reduce the number of bus drivers from five to four in the face of possible budget cuts. A reduction in force is a legitimate, nondiscriminatory reason for discharge. *See Tex. Instruments*, 100 F.3d at 1181. And it explained that it made its decision to fill the reinstated fifth bus driver position with Thatcher rather than Kilgore because it preferred a bus driver without job performance issues. Performance deficiencies are also a legitimate reason for discharge. *See Davis v. W. Cmty. Hosp.*, 786 F.2d 677, 683 (5th Cir. 1986).

The burden thus fell on Kilgore to rebut these legitimate reasons. He has failed to show a genuine issue of pretext with respect to either explanation. He did not attempt to show that Brookeland's fear of budget cuts was unwarranted. Neither did he contend that the job performance concerns Brookeland cited were untrue or that other bus drivers employed by Brookeland had more numerous or serious performance issues. He has, therefore, not created a genuine issue that these reasons are unworthy of

6

No. 13-40005

credence.  Furthermore, the only evidence Kilgore supplied of an age-based motive is the superintendent's comment concerning Kilgore's retirement eligibility, which, by itself, is an insufficient basis for a reasonable jury to conclude that Kilgore's age more likely motivated Brookeland's decision to discharge him than either of Brookeland's proffered reasons.  The district court did not err when it determined that there was no genuine issue of material fact regarding pretext.

## CONCLUSION

For the reasons given above, the district court's order granting summary judgment for Brookeland is AFFIRMED.